ORIGINAL

# In the United States Court of Federal Claims

No. 14-825C
(Filed January 27, 2015)
NOT FOR PUBLICATION

FILED

JAN 27 2015

U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * * *
                                 *
                                 *
                                 *
DAVID ASMUSSEN,                  *
                                 *
              Plaintiff,         *
                                 *
       v.                        *
                                 *
THE UNITED STATES,               *
                                 *
              Defendant.         *
                                 *
* * * * * * * * * * * * * * * * *
```

## MEMORANDUM OPINION AND ORDER

WOLSKI, Judge.

Pending before the court is defendant's motion to dismiss plaintiff's complaint for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). For the reasons set forth below the Court finds that it lacks subject-matter jurisdiction over plaintiff's claims. Defendant's motion to dismiss is therefore **GRANTED**.

### I. BACKGROUND

David J. Asmussen, plaintiff, is currently serving a lifetime prison sentence at the South Dakota State Penitentiary. Def.'s Mot. to Dismiss (Def.'s Mot.) at 1. Plaintiff, proceeding *pro se*, filed a complaint in this Court on September 5, 2014, requesting a declaration "stating with specificity that the Constitution of the United States . . . is void." Compl. at 1. Plaintiff claims that he is a "[third] party" benefiting from the Constitution, which he treats as a contract. *Id.* He alleges that agents of the United States abused their "fiduciary power" by defrauding him and therefore violated his rights under the Constitution. *Id.* Plaintiff attached to his complaint a letter that he apparently wrote to South Dakota Governor Dennis

Daugaard seeking a pardon. *See* Compl. at 2. Plaintiff appears to be bringing this case in response to his pardon request not being granted. *See* Compl. at 1.

On November 6, 2014, the government filed a motion to dismiss plaintiff's claim for lack of subject-matter jurisdiction under RCFC 12(b)(1). In its motion, the government argues that plaintiff failed to identify any money-mandating source of law upon which his claim was based. Def.'s Mot. at 3. The government notes that our court's jurisdiction over contract disputes is limited to situations involving either express or implied-in-fact contracts. *Id.* The Constitution, the government argues, is not an express contract and plaintiff did not allege sufficient factual allegations to support the conclusion that it is an implied-in-fact contract. *Id.* at 4. Furthermore, the government points out that the only remedy sought by plaintiff in the complaint is declaratory relief, which is not connected to any claim for money damages and thus is outside the jurisdiction of the court. *Id.*

On December 18, 2014, the Clerk's office received from plaintiff a partially highlighted copy of the government's motion to dismiss. *See* Order, December 23, 2014. As the Court noted in its order returning the highlighted document to plaintiff, it was unclear what plaintiff was attempting to demonstrate with the selective highlighting of the government's motion. *Id.* While the attempted filing may have been an effort by plaintiff to demonstrate disagreement with portions of the government's motion by only highlighting certain parts of the motion's text, the ambiguity surrounding the document and the fact that it was not a motion, response, or even a status report, led to the Court's conclusion that it was not a document that could be filed in this case. *Id.* at 2. Plaintiff failed to file an opposition paper, and the deadline for doing so has now passed.

## II. DISCUSSION

### A. Legal Standards

Under RCFC 12(b)(1), claims brought before this court must be dismissed when it is shown that this court lacks jurisdiction over their subject matter. When considering a motion to dismiss for lack of subject-matter jurisdiction, courts will normally accept as true all factual allegations made by the pleader and draw all reasonable inferences in the light most favorable to that party. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Pixton v. B & B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002) (requiring that on a motion to dismiss for lack of subject-matter jurisdiction the court views "the alleged facts in the complaint as true, and if the facts reveal any reasonable basis upon which the non-movant may prevail, dismissal is inappropriate"); *CBY Design Builders v. United States*, 105 Fed. Cl. 303, 325 (2012).

While a *pro se* plaintiff's filings are to be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), this lenient standard cannot save claims which are

outside this court's jurisdiction from being dismissed, *see, e.g.*, *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). The party invoking a court's jurisdiction bears the burden of establishing it, and must ultimately do so by a preponderance of the evidence. *See McNutt v. GMAC*, 298 U.S. 178, 189 (1936); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1998); *Rocovich v. United States*, 933 F.2d 991, 993 (Fed. Cir. 1991).

## B. Analysis

In this case, plaintiff is seeking a declaration that "the Constitution of the United States . . . is void." Compl. at 1. Plaintiff seems to claim that he is a third party beneficiary of the Constitution, and alleges that agents of the United States abused their fiduciary power by defrauding him and violating his constitutional rights. *Id.* As mentioned, plaintiff's claim appears to be spurred by the South Dakota Governor's denial of his pardon request. *Id.* at 1–2.

The jurisdiction of the Court of Federal Claims is governed by the Tucker Act, which gives this court the authority to render judgment on certain claims seeking monetary damages against the United States. 28 U.S.C. § 1491 *et seq.*; *United States v. Mitchell*, 463 U.S. 206, 215–18 (1983). Because the Tucker Act does not create any substantive rights, a plaintiff must identify a separate source of law that creates a right to money damages for his claim to be within the court's jurisdiction. *Jan's Helicopter Serv., Inc.* v. *FAA*, 525 F.3d 1299, 1306 (Fed. Cir. 2008) (quoting *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)); *Mitchell*, 463 U.S. at 216. The test for determining whether a statute or regulation can support jurisdiction in this court is whether it can be fairly interpreted as mandating compensation. *See, e.g.*, *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472–73 (2003); *Mitchell*, 463 U.S. at 216–17; *Fisher v. United States*, 402 F.3d 1167, 1173–74 (Fed. Cir. 2005); *Contreras v. United States*, 64 Fed. Cl. 583, 588–92 (2005).

Here, plaintiff does not identify a money-mandating provision, statute, or regulation in his complaint upon which subject-matter jurisdiction can be based. Instead, he appears to seek a general declaration that the United States Constitution is "void." *See* Compl. at 1. As the United States Supreme Court has noted, "[n]ot every claim invoking the Constitution . . . is cognizable under the Tucker Act," but rather the claim "must be one for money damages against the United States." *United States v. Mitchell*, 463 U.S. 206, 216–17 (1983). Plaintiff's complaint merely invokes the Constitution in general terms and fails to identify a specific source of law that "can fairly be interpreted as mandating compensation." *United States v. Testan*, 424 U.S. 392, 402 (1976) (quoting *Eastport S.S. Corp. v. United States*, 178 Ct.Cl. 599, 607 (1967)). Nor can the Constitution be considered an express or implied-in-fact contract concerning which a breach action may be maintained in our court. *See Taylor v. United States*, 113 Fed. Cl. 171, 173 (2013). Because plaintiff's complaint fails to identify a money-mandating source of law

upon which to base his claim, this Court lacks subject-matter jurisdiction over this case.

Furthermore, while equitable or declaratory relief can sometimes be available in Tucker Act suits, it must be "an incident of and collateral to" a money judgment. *James v. Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1998) (quoting 28 U.S.C. § 1491(a)(2)).† As the Federal Circuit has held, "the Court of Federal Claims has no power 'to grant affirmative non-monetary relief unless it is tied and subordinate to a money judgment.'" *Id.* (quoting *Austin v. United States*, 206 Ct.Cl. 719, 723 (1975)). Plaintiff's pursuit of a declaration proclaiming the Constitution to be void is not "tied and subordinate to a money judgment," and therefore such stand-alone non-monetary relief lies outside the powers of this court.

### III. CONCLUSION

For the reasons stated above, defendant's motion to dismiss this case for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1) is **GRANTED**. The clerk is directed to close the case.

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Judge

---

† Declaratory relief is also available in bid protests and cases concerning the tax-exempt status of organizations. *See* 28 U.S.C. §§ 1491(b)(2), 1507.